UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILL ROSS,

    Plaintiff,

vs.                                    CASE NO.:

THREE CEAS, INC., a Florida For Profit
Corporation, and VASILIOS PEROS,
Individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Will Ross, by and through the undersigned attorney, sues the Defendants, Three Ceas, Inc., a Florida Corporation, and Vasilios Peros, Individually, and alleges:

1. Plaintiff, Will Ross, was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff, Will Ross was an employee who worked at Defendants' property within the last three years in Brevard County, Florida.

3. Plaintiff, Will Ross, worked for Defendants as an hourly paid employee earning between $11.00-$12.00 per hour.

4. Plaintiff, Will Ross, worked as a cook for Defendants.

5. At all times material to this cause of action, Plaintiff, Will Ross, was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

6. Defendant, Three Ceas, Inc., is a Florida for profit Corporation that operates and

conducts business in Brevard County, Florida and is therefore, within the jurisdiction of this Court.

7. Defendant, Three Ceas, Inc., operates as a diner providing food for breakfast, lunch, and dinner.

8. Defendant, Three Ceas, Inc., operates from 6:00 a.m. until 9:00 p.m.

9. According to Florida's Division of Corporations, Defendant, Three Ceas, Inc. operates and conducts business at 2900 S. Washington Avenue, Titusville, Florida 32780.

10. At all times relevant to this action, Vasilios Peros was an individual resident of the State of Florida, who owned and operated Three Ceas, Inc., and who regularly exercised the authority to: (a) hire and fire employees of Three Ceas, Inc.; (b) determine the work schedules for the employees of Three Ceas, Inc., and (c) control the finances and operations of Three Ceas, Inc.. By virtue of having regularly exercised that authority on behalf of Three Ceas, Inc., Vasilios Peros is/was an employer as defined by 29 U.S.C. § 201, et seq.

11. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

12. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

13. During Plaintiff's employment with Defendants, Defendant, Three Ceas, Inc., earned more than $500,000.00 per year in gross sales.

14. Defendant, Three Ceas, Inc., employed approximately ten (10) employees and paid these employees plus earned a profit from their business.

15. During Plaintiff's employment, Defendant, Three Ceas, Inc., employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as plates, silverware/utensils, cups, poultry, beef, fish, Pepsi products, coffee makers, coffee, straws,

credit card readers, cash registers, and other tools/materials used to run the business.

16. Therefore, at all material times relevant to this action, Defendant, Three Ceas, Inc., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

17. Additionally, Plaintiff, Will Ross, is individually covered under the FLSA.

## FLSA Violations

18. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for all overtime hours worked.

19. During his employment with Defendants, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

20. Plaintiff routinely worked from 6:00 a.m. until 1:00 p.m., six days a week. Plaintiff's official paycheck covered a two week pay period.

21. Based on the above, Plaintiff routinely worked approximately forty-eight (48) hours or more each week.

22. Defendants had a scheme and practice of disguising Plaintiff's hours in an effort to avoid compensating overtime wages.

23. Defendants would issue Plaintiff a paycheck for the hours worked during the first workweek at Plaintiff's straight rate but disguise those hours as covering both workweeks so as to avoid paying overtime premium.

24. Defendants would then compensate Plaintiff in cash for the hours worked in the second workweek at his straight rate, again to disguise the total hours worked each week and avoid paying overtime premium.

25. Plaintiff is entitled to the half-time premium for all hours worked in excess of forty (40) per week.

26. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

27. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

28. On October 7, 2019, the undersigned counsel sent written correspondence to Defendants requesting Plaintiff's pay and time records in an effort to resolve this matter without litigation. Defendants have declined to provide the requested information to the undersigned counsel.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

29. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28 above as though stated fully herein.

30. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

31. During his employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

32. Plaintiff was paid his straight rate for all hours worked regardless of how many overtime hours were worked in the workweek.

33. Additionally, Defendants had a method of compensating Plaintiff by both paycheck and cash off the books in an effort to avoid paying overtime.

34. Defendants have failed provide accurate overtime compensation for numerous pay

periods.

35. Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

36. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

37. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

38. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, Will Ross demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this __22__ day of March, 2020

_____
Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:   (407) 420-1414
Facsimile:   (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff